THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

ALLORY SMITH
        Plaintiff,

   Vs.

WEXFORD HEALTH SOURCES, INC.,
HEATHER Mc GEE, LEAH GRACIN,
M. THOMPSON, NAYPER, SHRIP,
KIM BUTLER, JADE DRILLING,
and MICNEAL MELVIN
        Defendants.

Case No. 18-1517-SMY

Judge:

Magistrate Judge:

JURY TRIAL DEMANDED

## COMPLAINT

NOW COMES, plaintiff ALLORY SMITH ("Smith") PRO se, and by himself, hereby files this complaint as follows;

1.) This is an action brought by Smith, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), at Menard Correctional Center ("Menard"), whose Constitutional Rights have been violated by the defendants.

2.) Specifically, defendants have been deliberate indifferent to Smith's serious medical needs, in refusing to provide him with his prescribed psychotropic medications and adequate mental health treatment.

(1.)

3.) This is a action brought under the Constitution of the United States, 42 U.S.C. § 1983, 42 U.S.C. §§ 1201 et seq. (the Americans with Disabilities Act or "ADA"), and 29 U.S.C. § 794 (Section 504 of the Rehabilitation Act.)

4.) Plaintiff has there by been deprived of his privileges and rights guaranteed by the Eighth Amendment to be free from cruel and unusual punishment, and incorporated by the Fourteenth Amendment Due Process and Equal Protection of the United States Constitution.

5.) Smith here by seeks actual, consequential, compensatory, punitive damages pursuant to 42 U.S.C. § 1983.

## THE PARTIES.

6.) Plaintiff at all times relevant hereto was an inmate at Menard Correctional Center in Menard Illinois and unable to select or provide for his own medical care.

7.) Defendant Wexford Health Sources, Inc., was at all times relevant a for-profit corporation responsible for providing health care services on behalf of the Illinois Department of Corrections ("IDOC") to prisoners at Menard, including Plaintiff. As such Wexford Health Sources, Inc. ("Wexford")

(2.)

was acting under color of law and is being sued in it's individual capacity.

8.) Defendant Heather Mc Gee ("Nurse Mc Gee"), was at all times relevant a nurse employed by Wexford to perform nurse duties. As such Nurse Mc Gee was acting under color of law and is being sued in her individual capacity.

9.) Defendant Leah Gracin ("Nurse Gracin"), at all times relevant was a nurse employed by Wexford to perform nurse duties at Menard. As such Nurse Gracin was acting under color of law and is being sued in her individual capacity.

10.) Defendant (first name unknown) M. Thompson ("Nurse Thompson") at all times relevant was a nurse employed by Wexford to perform nurse duties at Menard. As such Nurse Thompson was acting under color of law and is being sued in her individual capacity.

11.) Defendant (first name unknown) Nayper ("Nurse Nayper"), at all times relevant was employed by Wexford to perform nurse duties at Menard. As such nurse was acting under color of law and is being sued in her individual capacity.

12.) Defendant (first name unknown) Shrip ("Nurse Shrip"), at all times relevant was employed by Wexford to perform nurse duties at Menard. As such Nurse Shrip was acting under color of law and is being sued in her individual capacity.

13.) Defendant Kim Butler ("Butler"), at all time relevant was the Warden at Menard and was responsible for the safety and care of prisoners at Menard, including plaintiff. As such Butler was acting under color of law and is being sued in her individual capacity.

14.) Defendant Jade Drilling ("Nurse Drilling"), was at all times relevant a nurse employed by Wexford to perform nurse duties at Pontiac Correctional Center ("Pontiac"). As such Nurse Drilling was acting under color of law and is being sued in her individual capacity.

15.) Defendant Michael Melvin ("Melvin"), at all times relevant was the Warden at Pontiac and was responsible for the safety and care of prisoners at Pontiac. including plaintiff. As such Melvin was acting under color of law and is being sued in his individual capacity

## JURISDICTION AND VENUE

16.) This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of law of plaintiff's rights as secured by the United States Constitution. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 1367.

17.) Venue is proper pursuant to 28 U.S.C. 1391 because each claim arose in the Southern District and partially in the Central District of Illinois and because plaintiff resides in the Southern District.

(4.)

## FACTS OF CLAIM.

18.) On 6-29-2016 Smith was transferred from Pontiac Correctional Center ("Pontiac") to Menard Correctional Center ("Menard") for a court writ.

19.) Prior to Smith incarceration, Smith has had a long history of diagnosed serious mental illnesses.

20.) Amongst other serious mental illness, Smith was previously diagnosed with severe depression and delusions.

21.) Throughout the time of Smith's current incarceration to present date. Smith's mental health have continued and he has been further diagnosed with multiple mental illnesses.

22.) At times while incarcerated, Smith has been diagnosed with, among other things, depression, anxiety, post traumatic, stress disorder, antisocial personality disorder, bipolar disorder, and schizo affective disorder.

23.) Defendants are aware of Smith's mental illness and/or diagnosis.

24.) As a result of Smith's mental diagnosis, Smith became classified during his incarceration as "seriously mentally ill" or "SMI".

25.) Smith seriously mentally ill classification has remained

(5.)

with him throughout his incarceration to present date.

26.) Each defendant is aware that Smith is diagnosed with a serious mental illness.

## FAILURE TO ADEQUATELY TREAT

27.) On 6-29-2016 Smith was transferred from Pontiac to Menard. Prior to his being transferred, Smith never received his prescribed a.m. psychotropic medication.

28.) After Smith arrived at Menard and was assigned to his cellhouse. Smith briefly talked to Nurse Mc Gee about his not receiving his a.m. medication and now not receiving his p.m. psychotropic medication for his mental illness, on 6-30-2016.

29.) Nurse Mc Gee, despite Smith explaining to her that he has a serious mental illness and without his medications, Smith develope suicidal and homicidal ideations, Nurse Mc Gee simply replied "there is nothing I can do for you".

30.) On the same day 6-30-2016 in the p.m. I stopped Nurse Gracin and told her that I didn't receive my p.m. medication, and she to told Smith that there was nothing she could do.

31.) On that same day 6-30-2016 Smith filed an emergency grievance to Warden Butler detailing he had not received his

(6.)

psychotropic Medication in two days.

32) ON 7-1-2016 Smith talked to Nurse Nayper in the a.m. and Nurse Gracin again in the p.m. about Not receiving his psychotropic Medications and on both occassion both Nurses told Smith that there was Nothing they could do for him.

33) ON 7-2-2016 Smith tried to Stop the a.m. Nurse but She refuse to stop. However Smith did again talk with the p.m. Nurse Gracin about Not receiving his Medication and again She did Nothing.

34) ON 7-3-2016 Smith again talked to Nurse Gracin again who at this time was despensing the a.m. and Smith talked to the p.m. Nurse Thompson about Not receiving his Medication and that he Needs a Crisis intervention team and Nurse Thompson Replied "You will be just fine".

35) ON 7-4-2016 Smith again talked to Nurse Nayper the a.m. Nurse and Nurse Shrip the p.m. Nurse about Not receiving his his Medications in the a.m. or p.m. despensing times, and both Nurses told him that there is Nothing they could do for him.

36) Now Smith continued to complain to the Nurses for the Next two days 7-5-2016 and 7-6-2016 about Not receiving his prescribe psychotropic Medications and how as a result of Not taking his Medication in over 8 days. Smith was feeling suicidal homicidal.

37.) On 7-6-2016, as a result of Smith not receiving his medication his mental illness for which he was on medication for overwhelmed Smith, and Smith attempted to cause serious harm to himself at which time Smith was placed on crisis watch.

38. Smith was placed on crisis watch for the next three days (7-6-2016 - 7-9-2016) until he was stable enough to return back to prison population.

## COUNT I.
### (42 U.S.C. §1983 - Cruel and Unusual Punishment) (DEFENDANT WEXFORD)

39.) Plaintiff incorporates paragraphs 1. through 37. as if written herein.

40.) The Eighth Amendment of the United States Constitution prohibits the cruel and unusual punishment of United States citizens by Federal Government.

41.) Plaintiff rights under the Eighth Amendment to be free from cruel and unusual punishment by the State of Illinois and IDOC has been abridged by Wexford's deliberate indifference to plaintiff's serious Medical needs.

42.) Plaintiff while in the custody of IDOC, is restrained from

caring for himself.

43.) Defendant Wexford at all times relevant to the events at issue in this complaint, was under contract by the IDDC to provide health care services to facilities throughout the State of Illinois, including but not limited to Menard.

44.) In it's capacity Wexford as Medical providers of health care services at Menard, was responsible for the creation, implementation, oversight, and supervision of all policies and procedures followed by Wexford and IDOC employees.

45.) At all times relevant, Wexford maintained procedures and policies which deliberately delayed and/or denied Mental health care necessary to alleviate obvious severe pain and suffering resulting from denial of adequate health care services.

46.) As a direct and proximate result of one or more of the foregoing acts of deliberate indifference, Plaintiff was caused to suffer wanton and undue pain and suffering.

47.) Plaintiff was thereby deprived of his rights, privileges, and immunities guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution.

WHEREFORE: plaintiff respectfully request that this court to:

A. Enter judgement in his favor and against defendants Wexford Health Sources, Inc. for an amount in excess of $250.000.00 in compensatory and punitive damages.

B. Grant a permenant injunction compelling the defendant to here in provide plaintiff with enhanced evaluations every 14 days and adequate Mental health treatment.

C. Grant court cost and attorney fees due, under the civil rights statues and Federal Rules of Civil Procedures.

D. Grant any other Relief this court deems necessary and just.

## COUNT II.

(42 U.S.C. § 1983 - CRUEl and UNUSUAL PUNISHMENT.)
(DEFENDANTS McGee, Gracin, M. Thompson, Nayper, and Shrip)

48.) Plaintiff adopts and incorporates paragraphs 1. through 47. as if written herein.

49.) The Eighth Amendment of the United States Constitution prohibits the cruel and unusual punishment of United States citizens by the Federal Government.

(10.)

50.) Plaintiff Rights under the Eighth Amendment to be free from cruel and unusual punishment by the State of Illinois has been abridged by defendants, Nurses McGee, Gracin, M. Thompson, Nayper, and Shrip deliberate indifference to plaintiff's serious Medical needs.

51. Defendants McGee, Gracin, M. Thompson, Nayper, and Shrip at all times relevant and during pertinent times of their care and treatment of plaintiff's injury, committed one or more of the following acts of deliberate indifference and reckless disregard of the serious Medical needs of plaintiff by:

a. Delaying Necessary Referrals and consultations to Mental health professionals.

b. Refusal to despense and administer plaintiff with his prescribe psychotropic Medications for his seriously Mental illness.

C. Deliberately ignored plaintiff's request for Necessary evaluations and treatment.

d. Refusing to follow up and monitor Smith Mental health.

e. Were otherwise deliberately indifferent to the serious Medical needs of plaintiff.

52.) As a direct and proximate result of one or More of the foregoing acts of deliberate indifference and reckless disregard,

plaintiff was caused to suffer wanton and un-necessary and suffering because of un-necessary delays in treatment, follow up, and evaluations of his serious Medical needs and suffered un-necessary progressive deterioration because of failure to Monitor.

53.) Plaintiff was thereby deprived of his rights, privileges, and immunities guaranteed by the Eighth and Fourteenth Amendment to the United States Constitution.

'WHERE FORE, plaintiff request this Court to enter judgement in his favor and against defendants Mc Gee, Gracin, M. Thompson, Navper, and Shrip for:

a. An amount in excess of $200,000.00 in compensatory and punitive damages for each of the defendants.

b. Immediately injunctive relief compelling defendants to give plaintiff immediate treatment, follow up care, and evaluations.

c. Grant Court cost, and attorneys fees due under the Civil Rights Statues and Federal Rules of Civil Procedures.

d. Order any other relief that this Court deems necessary and just.

COUNT Ⅲ.

(42 U.S.C. § 1983 CRUEL AND UNUSUAL PUNISHMENT)
(DEFENDANT "BUTLER")

54.) Plaintiff adopts and incorporates paragraphs 1. through 53. as if written herein.

55.) The Eighth Amendment of the United States Constitution prohibits the cruel and unusual punishment of United States citizens by the Federal Government.

56.) Plaintiff rights under the Eighth Amendment to be free from cruel and unusual punishment by the State of Illinois and IDOC has been abridged by Warden Kim Butler ("Butler") deliberate indifference to plaintiff's serious medical needs.

57.) Plaintiff, while in the custody of IDOC is restrained from caring from himself.

58.) At all times relevant defendant Butler was Warden at Menard and as Warden Butler was responsible for all decisions involving inmates grievances at Menard, including plaintiff, in accordance with the procedures set forth in 20 Illinois Administrative Code 504. 800 et seq.

59.) Defendant Butler had personal knowledge that plaintiff was not receiving adequate medical treatment via several grievances

filed by plaintiff, including but not limited to emergency grievances.

60.) Defendant Butler in her official capacity and supervising capacity had a responsibility to read the underlying facts of grievances and respond accurately and follow up.

61.) Defendant Butler in her supervising and official capacity showed deliberate indifference to plaintiff's serious Medical Needs by:

    A. Deliberately disregarding or denying plaintiff's Multiple grievances about not receiving his psychotropic Medications for his Mental illnesses.

    B. Approving, condoning, and allowing the denial of Medications to be despense and administer.

    C. Approving, condoning, and turning a blind eye to acts of deliberate indifference by Wexford employees under her supervision.

62.) As a direct and proximate result of Butler's acts and/or omissions, plaintiff's serious Medical Needs as well as his pain and suffer have been exacerbated resulting in physical, emotional, and Mental injury.

WHEREFORE, plaintiff Request the following Relief:

A. Order a immediate injunction compelling defendant to order treatment and evaluations.

B. Enter a judgement in amount in excess of $250.000.00 in compensatory and punitive damages for plaintiff's deprivation of his Constitutional Rights to be free from cruel and unusual punishment.

C. Grant Court cost and attorney fees due under Civil Rights Statues and Federal Rules of Civil Procedures.

D. Order any other Relief this Court deems Necessary and just.

## EXHAUSTION of ADMINISTRATIVE REMEDIES

63. Pursuant to 42 U.S.C. § 1997e.(a.) Smith attempted to resolve the instant complaint by exhausting his Rights through the grievance procedure available to him, including but not limited to pursuing all available administrative appeals.

## COUNT - IV.
(42 U.S.C. § 1983 - CRUEL and UNUSUAL PUNISHMENT.)
(DEFENDANT DRILLING)

(15.)

64.) Plaintiff adopts and incorporates paragraphs 1. through 63. as if written herein.

65.) The Eighth Amendment of the United States Constitution prohibits the cruel and unusual punishment of United States Citizens by the Federal Government.

66.) Plaintiff's Rights under the Eighth Amendment to be free from cruel and unusual punishment by the State of Illinois and IDOC has been abridged by defendant Drilling deliberate indifference and reckless disregard to plaintiff serious Medical needs.

67.) Plaintiff, while in custody of IDOC is restrained from caring for himself.

68.) At all times relevant to this complaint, defendant Drilling during pertinent times to her care and treatment of plaintiff's Mental illness, and injury, committed one or more of the following acts of deliberate indifference and reckless disregard to the serious Medical needs of plaintiff by:

a. Deliberately falsifying despensement of psychotropic medication to plaintiff, thus causing plaintiff not to receive his prescribe medications for his Mental illness.

(16.)

b. Deliberately Refusing to accurately Review and Monitor prisoners, including plaintiff Medications and maintain accurate charts and Records.

c. Comply with facility Administrative Directives.

69.) As a direct and proximate result of one or more of the foregoing acts of deliberate indifference and Reckless disregard for Plaintiff's Mental illness, plaintiff was caused to suffer wanton and undue pain and un-necessary progressive deterioration of plaintiff's Mental health.

70.) Plaintiff was thereby deprived of his Rights, privileges, and immunities guaranteed by the Eighth Amendment and Fourteenth Amendment of the United States Constitution.

WHEREFORE, plaintiff Request this Court to enter judgement in his favor and against defendant Drilling for:

a. An amount in excess of $200,000.00 in compensatory and punitive damages.

b. Order immediate injunctive Relief, compelling defendant to follow all IDOC Administrative Directives and deliver adequate treatment to plaintiff.

c. Grant Court cost and attorney fees due under the Civil Rights

Statues and Federal Rules of Civil Procedures.

d. Order any other relief this Court deems necessary and just.

## COUNT - V.
### (42 U.S.C. § 1983 CRUEL and UNUSUAL PUNISHMENT.)
### (DEFENDANT "MELVIN.")

71.) Plaintiff adopts and incorporates paragraphs 1. through 70. as if written herein.

72.) The Eighth Amendment of the United States Constitution prohibits the cruel and unusual punishment of United States citizens by the Federal Government.

73) Plaintiff's rights under the Eighth Amendment to be free from cruel and unusual punishment by the State of Illinois and IDOC has been abridged by Melvin deliberate indifference to plaintiff's serious medical needs.

74.) Plaintiff, while in custody of IDOC is restrained from caring for himself.

75.) At all times relevant defendant Melvin was warden at Pontiac Correctional Center ("Pontiac"), and as warden Melvin was responsible for enforcing Administrative Directives and

Institutional Directive, as well as implementing policies and procedures, and promulgating rules and regulations at Pontiac.

76.) At all times relevant defendant Melvin was Warden at Pontiac and as Warden Melvin was responsible for all decisions involving inmates grievances at Pontiac, including plaintiff, in accordance with the procedures set forth in 20 Illinois Administrative Code 504.800's et seq.

77.) Defendant Melvin had personal knowledge that plaintiff was not receiving adequate medical treat, via the under lying facts of several grievances filed by plaintiff, including but not limited to emergency grievance.

78.) Defendant Melvin in his official and individual capacity showed deliberate indifference to plaintiff's serious medical needs by:

a. Deliberately disregarding and denying plaintiff multiple grievances about not receiving his prescribed psychotropic medications for his serious mental illness.

b. Deliberately approving, condoning, and allowing inadequate medical treatment to plaintiff.

c. Deliberately and intentionally approving, condoning, and

turning a blind eye to acts of deliberate indifference by Wexford employees under his supervision.

79.) As a direct and proximate result of Melvin's acts and/or omissions, plaintiff's serious medical needs as well as his pain and suffering have been exacerbated, resulting in physical, emotional, and mental injury.

# WHERE FORE, plaintiff request the following relief:

A. Order immediate injunction compelling defendant to follow all Administrative and IDOC Institutional Directive pertaining to mental health.

B. Enter a judgement in amount in excess of $250.000.00 in compensatory and punitive damages for plaintiff's deprivation of his constitutional rights to be free from cruel and unusual punishment.

C. Grant Court cost and attorney fees due pursuant to Civil Rights Statues and Federal Rules of Civil Procedures.

D. Grant any other relief this Court deems necessary and just.

Respectfully Submitted

/s/ Allory Smith

ALLORY Smith #K-84523
Menard Correctional Center
P.O. BOX 1000
Menard Illinois 62859

(20.)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner.esl@ilsd.uscourts.gov

RECEIVED AUG 2 0 2018

### ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

Smith                                     K84523

Name                                      ID Number

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1. Is this a new civil rights complaint or habeas corpus petition?          Yes or No

   If this is a habeas case, please circle the related statute:   28 U.S.C. 2241 or 28 U.S.C. 2254

2. Is this an Amended Complaint or an Amended Habeas Petition?          Yes or No

   If yes, please list case number: _____

   If yes, but you do not know the case number mark here: _____

3. Should this document be filed in a pending case?          Yes or No

   If yes, please list case number: _____

   If yes, but you do not know the case number mark here: _____

4. Please list the total number of pages being transmitted:          66

5. If multiple documents, please identify each document and the number of pages for each document. For example:   Motion to Proceed In Forma Pauperis, 6 pages;  Complaint, 28 pages.

| Name of Document | Number of Pages |
|---|---|
| — Motion To Proceed Without Costs | 5 |
| — Complaint | 20 |
| — Exhibits | 40 |
| — Proof/Certificate of Service | 1 |

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record.  Discovery materials sent to the Court will be returned unfiled.