**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ALLORY SMITH,** ) | |
| **#K-84523,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 18−cv−01517−SMY** |
| ) | |
| **HEATHER McGEE,** ) | |
| **LEAH GRACIN,** ) | |
| **M. THOMPSON,** ) | |
| **NURSE NAYPER,** ) | |
| **NURSE SHRIP,** ) | |
| **KIM BUTLER,** ) | |
| **JADE DRILLING,** ) | |
| **MICHAEL MELVIN, and** ) | |
| **WEXFORD HEALTH SOURCES, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Allory Smith, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*., and the Rehabilitation Action, 29 U.S.C. §§ 794-94e, for deprivations of his constitutional rights while he was housed at Menard and Pontiac Correctional Center ("Pontiac"). (Doc. 1). Specifically, Plaintiff claims that prison officials at both facilities denied him medication and treatment for his serious mental illness in 2016. (Doc. 1, pp. 5-20). In connection with his claims, Plaintiff sues six prison nurses, two wardens, and Wexford Health Sources, Inc. ("Wexford"). *Id*. He seeks money damages and injunctive relief against the individual defendants. *Id*.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff is a seriously mentally ill ("SMI") inmate, who was diagnosed with severe depression and delusions prior to his incarceration. (Doc. 1, p. 5). He has since been diagnosed with anxiety, post-traumatic stress disorder, antisocial personality disorder, bipolar disorder, and schizoaffective disorder as well. *Id.* Plaintiff relies on psychotropic medication to manage these conditions. (Doc. 1, p. 6). Without it, he experiences suicidal and homicidal thoughts. *Id.*

Plaintiff denied medication and mental health treatment when he was sent from Pontiac to Menard on a court writ on June 29, 2016. (Doc. 1, p. 6). For eight days, he requested medication from Menard's nursing staff, including Nurses McGee, Gracin, Nayper, Thompson, and Shrip. (Doc. 1, pp. 6-8). Plaintiff warned the nurses that he would begin having suicidal and homicidal thoughts without medication. *Id.* The nurses told Plaintiff that nothing could be done. *Id.*

Plaintiff sent an emergency grievance to Warden Butler, but received no response. (Doc. 1, pp. 6-8, 13-15). He soon became overwhelmed by suicidal and homicidal thoughts, and

attempted to seriously harm himself on July 6, 2016. *Id.* Plaintiff was placed on crisis watch for three days until his condition stabilized. *Id.*

<u>Discussion</u>

Consistent with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint, as follows:

**Count 1:** Eighth Amendment claim against Nurses McGee, Gracin, Nayper, Thompson, and Shrip ("Menard Nurses") for denying or delaying Plaintiff's access to medication and/or mental health treatment at Menard between June 29 and July 9, 2016.

**Count 2:** Eighth Amendment claim against Wardens Butler and Melvin for disregarding or denying Plaintiff's grievances regarding the denial of psychotropic medication and/or mental health treatment between June 29 and July 9, 2016.

**Count 3:** Eighth Amendment claim against Nurse Drilling for maintaining inaccurate medical records for Plaintiff at Pontiac that resulted in the denial or delay in medication and/or mental health treatment at Menard between June 29 and July 9, 2016.

**Count 4:** Eighth Amendment claim against Wexford for implementing unspecified policies that resulted in the denial or delay in Plaintiff's medication and/or mental health treatment at Menard in 2016.

**Count 5:** Fourteenth Amendment claim against Defendants for depriving Plaintiff of the rights, privileges, and immunities guaranteed by the Fourteenth Amendment at Menard in 2016.

**Count 6:** ADA and/or Rehabilitation Act claim against Defendants for failing to accommodate Plaintiff's disability at Menard.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim not identified above but encompassed by the allegations in the Complaint will be considered dismissed without prejudice from this action for failure to satisfy the *Twombly* pleading standard.**

## Counts 1 through 4 - Eighth Amendment Claims

Counts 1, 2, 3, and 4 arise under the Eighth Amendment, which prohibits cruel and unusual punishment. U.S. CONST. amend. VIII. To state an Eighth Amendment claim based on the denial of medical care or mental health treatment, an inmate must show that he suffered from a serious medical need (an objective standard) and that each defendant responded to it with deliberate indifference (a subjective standard). *Rasho v. Elyea*, 856 F.3d 469, 476 (7th Cir. 2017).

Here, the objective standard is satisfied. A psychiatric or psychological condition may present a serious medical need. *See id.* (undisputed by parties); *Meriwether v. Falkner*, 821 F.2d 408, 413 (7th Cir. 1987). Plaintiff's longstanding mental illness qualifies as such for screening purposes.

With respect to the subjective element, deliberate indifference occurs when a defendant is aware of and disregards a substantial risk of harm to the plaintiff. *Rasho*, 856 F.3d at 476. Plaintiff's allegations suggest that Menard's nurses (Count 1) and Warden Butler (Count 2) were aware of Plaintiff's serious mental illness and his need for treatment but disregarded his needs until Plaintiff became suicidal between June 29, 2016 and July 9, 2016. *Id.* Accordingly, Count 1 survives screening against Nurses McGee, Gracin, Nayper, Thompson, and Shrip, and Count 2 survives review against Warden Butler.

However, the complaint allegations do not support claims against Warden Melvin (Count 2), Nurse Drilling (Count 3), or Wexford (Count 4) because they are threadbare, vague, and/or conclusory. Plaintiff mentions filing grievances with Warden Melvin but provides no other information about them (*e.g.*, dates, content, or type of grievances or responses). In conclusory fashion, Plaintiff asserts that Nurse Drilling falsified his medical records at Pontiac and caused a

delay in his treatment at Menard, but this claim is without sufficient factual support and appears to be speculative. Finally, Plaintiff blames Wexford for creating policies that resulted in his denial of mental health treatment but fails to identify which policies caused the deprivation. For these reasons, Count 2 against Warden Melvin, Count 3 against Nurse Drilling, and Count 4 against Wexford will be dismissed without prejudice for failure to state a claim.

## Count 5 - Fourteenth Amendment Claims

Plaintiff mentions the Fourteenth Amendment Equal Protection and Due Process Clauses in the opening paragraphs of his Complaint. (Doc. 1, p. 2). However, the Complaint contains no other references to these claims. Thus, the Complaint does not contain sufficient allegations to support these claims. The claim of entitlement to relief must cross "the line between possibility and plausibility." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Count 5 fails in this regard and will therefore be dismissed without prejudice.

## Count 6 - ADA and/or Rehabilitation Act Claims

The Complaint also fails to articulate a colorable ADA and/or Rehabilitation Act claim against the individual defendants. Again, in violation of *Twombly,* Plaintiff mentions the claim in the opening paragraphs of his Complaint and nowhere else. *Id.* at 557. He also fails to name the proper defendant. 42 U.S.C. § 12131(1)(b); *Jaros v. Illinois Dep't of Corrections*, 684 F.3d 667, 670 n. 2 (7th Cir. 2012) (individual capacity claims are not available; the proper defendant is the agency or its director (in his or her official capacity)). Accordingly, the ADA and/or Rehabilitation Act claim in Count 6 will be dismissed with prejudice against the individual defendants. However, this dismissal does not preclude Plaintiff from bringing a claim against the proper defendant.

**Injunctive Relief**

In the Complaint, Plaintiff seeks injunctive relief in the form of regular psychological evaluations and treatment. He requests "permanent" and "immediate" relief. The Court interprets the request for permanent relief as injunctive relief to be obtained at the close of this case. The Warden of Menard Correctional Center shall be added for purposes of this request. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

Plaintiff's request for more immediate injunctive relief will be denied at this time. Plaintiff does not specify whether he seeks a temporary restraining order ("TRO") under Rule 65(b) or a preliminary injunction under Rule 65(a) of the Federal Rules of Civil Procedure. He did not file a separate motion in support of his request for immediate relief, and the Court cannot glean what relief he seeks from the Complaint at this time, given that his claims arise from events that occurred between June 29, 2016 and July 9, 2016. Therefore, to the extent Plaintiff seeks immediate relief, his request is **DENIED without prejudice**.

If a TRO or preliminary injunction is necessary, Plaintiff may request it at any time during the pendency of the case by filing a separate Motion for TRO and/or Preliminary Injunction pursuant to Rule 65(a)-(b) of the Federal Rules of Civil Procedure. He should describe the exact relief he seeks, the reasons he requires interim relief, and the facts that support his request.

**Pending Motion**

Plaintiff's Motion to Appoint Counsel (Doc. 3) shall be **REFERRED** to a United States Magistrate Judge for a decision.

**Disposition**

The Clerk is directed to **ADD** the **WARDEN OF MENARD CORRECTIONAL**

**CENTER (official capacity only)** as a Defendant, based on the request for injunctive relief.

**IT IS HEREBY ORDERED** that **COUNT 1** against Defendants **HEATHER McGEE, LEAH GRACIN, M. THOMPSON, NURSE NAYPER,** and **NURSE SHRIP** and **COUNT 2** against Defendant **KIM BUTLER** survive screening and will receive further review.

**IT IS ORDERED** that **COUNT 2** against Defendant **MICHAEL MELVIN, COUNT 3** against Defendant **JADE DRILLING, COUNT 4** against Defendant **WEXFORD HEALTH SOURCES, INC.,** and **COUNT 5** against all defendants are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Further, **COUNT 6** is **DISMISSED** with prejudice against all individual defendants for failure to state a claim.

As to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **HEATHER McGEE, LEAH GRACIN, M. THOMPSON, NURSE NAYPER, NURSE SHRIP, KIM BUTLER**, and **WARDEN of MENARD** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address

7

shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings, including a decision on the Motion to Appoint Counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Daly** for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 19, 2018**

s/ STACI M. YANDLE
United States District Judge