IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALLORY SMITH, )
 )
    Plaintiff, )
 )
v. ) Case No. 18-cv-1517-SMY-RJD
 )
HEATHER MCGEE, et al., )
 )
    Defendants. )
 )

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion for Leave to File an Amended Complaint (Doc. 30) filed by Plaintiff. Defendants failed to timely file a response.

Plaintiff Allory Smith, an inmate of the Illinois Department of Corrections ("IDOC") currently housed at Menard Correctional Center ("Menard"), brings this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that prison officials at both Menard and Pontiac Correctional Center ("Pontiac") were responsible for denying him medication and treatment for his serious mental illness while he was housed at Menard in 2016. Following threshold review, Plaintiff proceeds on the following claims:

    **Count 1:** Eighth Amendment claim against Nurses McGee, Gracin, Nayper, Thompson, and Shrip ("Menard Nurses") for denying or delaying Plaintiff's access to medication and/or mental health treatment at Menard between June 29 and July 9, 2016.

    **Count 2:** Eighth Amendment claim against Warden Butler for disregarding or denying Plaintiff's grievances regarding the denial of psychotropic medication and/or mental health treatment between June 29 and July 9, 2016.

Plaintiff seeks leave to amend the complaint to bring back the following claims and Defendants dismissed in the screening order: Defendant Warden Melvin (Count 2), Defendant Drilling (Count 3) and Defendant Wexford (Count 4). The screening order set forth Counts 3 and 4 as follows:

> **Count 3:** Eighth Amendment claim against Nurse Drilling for maintaining inaccurate medical records for Plaintiff at Pontiac that resulted in the denial or delay in medication and/or mental health treatment at Menard between June 29 and July 9, 2016.
>
> **Count 4:** Eighth Amendment claim against Wexford for implementing unspecified policies that resulted in the denial or delay in Plaintiff's medication and/or mental health treatment at Menard in 2016.

The screening order held that Plaintiff's allegations in the original Complaint did not support claims against Warden Melvin (Count 2), Nurse Drilling (Count 3), or Wexford (Count 4) because the allegations were threadbare, vague, and/or conclusory.

The proposed amended complaint alleges Plaintiff was transferred from Pontiac ("parent institution") to Menard for a court writ. Plaintiff alleges Warden Melvin violated his constitutional rights because the "writ" for his transfer was improperly prepared. Plaintiff cites IDOC Administrative Directives and alleges that, as Warden, Melvin was responsible for ensuring his/her health care unit staff followed the administrative directives regarding transferring medical records between institutions. In conclusory fashion, Plaintiff asserts that his transfer materials did not properly convey the seriousness of his mental health needs and, therefore, Warden Melvin acted with deliberate indifference. Plaintiff fails to set forth factual allegations of Melvin's personal involvement in the preparation of his transfer materials. It is well settled law that *respondeat superior* is not a viable claim under deliberate indifference.

Plaintiff's proposed amended complaint also adds supplemental allegations against

Defendants Drilling and Wexford. Plaintiff alleges Drilling maintained an inaccurate medical record at Pontiac because she documented that he received his medication at Pontiac on three dates in which he was housed at Menard. Plaintiff's allegations are insufficient to establish a claim that Drilling was responsible for the denial or delay of mental health treatment during his stay at Menard. Additionally, Plaintiff states Wexford maintained "procedures and policies" that violated his constitutional rights. Plaintiff fails to identify which of Wexford's policies caused the deprivation of his rights.

Federal Rule of Civil Procedure 15(a) states, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

The Scheduling Order (Doc. 20) entered in this case set a deadline of March 28, 2019, for motions for leave to amend to be filed. Plaintiff filed his motion after the deadline. Plaintiff argues his motion was delayed because he was not housed in the same location with his "jail house lawyer." In addition to the late filing of Plaintiff's motion for leave to amend, the claims set forth in the proposed amended complaint are futile. Plaintiff's proposed complaint fails to state a claim against Defendant Melvin and fails to cure the deficiencies in Counts 3 and 4 as stated in the screening order. The Court finds undue delay and futility of amendment and declines to grant leave to amend the complaint. Plaintiff's Motion for Leave to Amend (Doc. 30) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** June 12, 2019

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**