IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLORY SMITH, #K84523, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HEATHER McGHEE, LEE GREGSON, | )   Case No. 3:18-cv-01517-DWD |
| M. THOMPSON, KAREN NIEPERT, | ) |
| BRANDY TRIPP, KIMBERLY | ) |
| BUTLER and WARDEN OF MENARD | ) |
| CORRECTIONAL CENTER, | ) |
| | ) |
| Defendants. | ) |

## HIPAA-QUALIFIED PROTECTIVE ORDER

Before the Court is Defendants Gregson and Tripp's Motion for a Qualified Protective Order (Doc. 90) under Federal Rule of Civil Procedure 26(c)(1) and 45 C.F.R. § 164.152 of the Health Insurance Portability and Accountability Act ("HIPAA"). Since Plaintiff has put his medical and mental health conditions and treatment at issue, the Court finds good cause for the entry of a HIPAA-Qualified Protective Order that prevents the unauthorized disclosure and directs the use of protected health information during the course of this litigation. Accordingly, the Court **GRANTS** Defendants' Motion and **ORDERS** as follows:

1. All medical or other health records produced by the parties to this litigation are produced subject to this Order.

2. This Order also applies to any records produced by a covered entity, as defined by 45 C.F.R. § 160.103, which has received a request or subpoena for protected health information.

3. During the course of this litigation, it may be necessary for the parties or their attorneys to disclose protected health information of Plaintiff, as that term is defined under HIPAA and the federal regulations promulgated pursuant to that Act. The disclosure of such protected health information is subject to the following conditions:

   (a) All protected health information disclosed by any of Plaintiff's healthcare providers shall be used for the sole purpose of preparing for or conducting this litigation, including but not limited to investigation, consultation, discovery, depositions, trial preparation, trial, appeal, resolution, mediation, or uses incidental to the proceeding in this case and shall not be disclosed or revealed to anyone not authorized by this Protective Order.

   (b) Protective health information pursuant to this HIPAA-Qualified Order may include information related to sexually transmitted disease, genetic testing, HIV, behavioral or mental health services, and treatment for alcohol and drug abuse.

   (c) Protected health information may be disclosed without further notice by any covered entity or healthcare provider, party, or parties' attorney to:

      (1) The parties themselves, parties' attorneys, experts, consultants, any witness or other person retained or called by the parties, treating physicians, other healthcare providers, insurance carriers, or other entities from whom damages, compensation, or indemnity is sought and any entity performing, monitoring, or providing adjustment activities on behalf of such insurance carrier or other entity and/or their employees, agents, or third party administrators for any of the parties involved in the litigation; in any proceeding for health oversight activities as permitted under 45 C.F.R. § 164.512, court reporters, copy services, other similar vendors to the parties and their attorneys, as well as the professional and support staff of the above.

      (2) The parties, and each entity governed by this HIPAA-Qualified Protective Order, shall either (a) destroy, or (b) return to the entity who originally produced it, all protected health information, including all copies made after completion of the litigation and any related appeals; provided, however, that said protected health information may be retained in the

files of the entities listed in paragraph (1) above and may be destroyed pursuant to their regular file retention policies so long as the protected health information is maintained in a secure environment.

**SO ORDERED.**

Dated: May 23, 2023

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge