IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLORY SMITH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  Case No. 18-cv-1517- RJD |
| | ) |
| HEATHER MCGHEE, et al., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendant Misti Thompson's Motion to Set Aside Default (Doc. 108).   Plaintiff did not file a Response.

Plaintiff, an inmate of the Illinois Department of Corrections, filed this cause of action pursuant to 42 U.S.C §1983.   Plaintiff alleges that Defendants were deliberately indifferent to his serious mental health needs at Menard Correctional Center.   Doc. 6.   Defendant "Starla Thompson" was served on February 20, 2019 by the U.S. Marshals, but never filed an answer.  Doc. 29.

On March 10, 2023, the Court ordered the Clerk to make an Entry of Default against Defendant Thompson.   Doc. 79.   The Court also ordered Plaintiff to file a Motion for Default Judgment against Defendant Thompson on or before April 10, 2023.   Doc. 79.   Plaintiff never filed the motion.   On June 8, 2023, the Court ordered Defendant Thompson to file her Motion to Set Aside the Entry of Default on or before June 22, 2023 (if at all).   Counsel appeared on behalf of Defendant Thompson on September 14, 2023 and filed a Motion to Set Aside the Entry of

Default on September 18, 2023.

In order to vacate an entry of default, the moving party must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (internal quotations omitted). The Court views these elements in a lenient manner. *Id*. at 631. The Seventh Circuit favors a trial on the merits versus a default. *Sun v. Bd. of Trustees of Univ. of IL*, 473 F.3d 799, 811(7th Cir. 2007).

In support of her Motion to Set Aside Entry of Default, Defendant represents to the Court that counsel failed to appear on her behalf for four and a half years because, though Plaintiff originally named "M. Thompson," Defendant Thompson was "later identified as Starla Thompson" and then, after that, identified as "Misti Thompson." Doc. 108, pp. 2-3. This explanation is non-sensical (primarily because an individual named Starla Thompson was apparently served) and would ordinarily require further briefing or a hearing. However, Plaintiff does not object to the motion, nor did he ever move for default judgment against Defendant Thompson. Moreover, the case is over five years old. Defendant Thompson and two other Defendants who only recently appeared through counsel (but waived service in February 2019) are raising administrative remedies as an affirmative defense. Doc. 85. The other defendants have already conducted discovery and filed a motion for summary judgment on the merits which was denied. Doc. 78. Mindful of judicial resources, this case must proceed without delay. Considering that the Seventh Circuit favors a trial on the merits versus a default, and considering Plaintiff has no objection, Defendant Thompson's Motion to Set Aside the Entry of Default (Doc. 108) is GRANTED. The Clerk of Court shall vacate the Entry of Default against Defendant Thompson dated March 13, 2023. Defendant Thompson shall file her answer by October 6, 2023.

**Any motions regarding the affirmative defense of administrative remedy exhaustion**

**must be filed by October 26, 2023.** The parties are warned that given the age of this case, motions for extensions of time will only be granted under extraordinary circumstances.

**IT IS SO ORDERED.**

**DATED:** October 5, 2023

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**